# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

                        Criminal No. 21-141 (JRT/BRT)

           Plaintiff,

v.                              **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

SOBIN KHEM,

           Defendant.

Benhamin Bejar, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Sobin Khem, Reg. No. 46697-509, United States Penitentiary – Victorville, P.O. Box 3900, Adelanto, CA 92301, *pro se* defendant.

Defendant Sobin Khem is serving a 180-month sentence after pleading guilty to being a felon in possession of a firearm as an armed career criminal.  Khem asks the Court to grant him a reduction in his sentence on the basis of his rehabilitation.  The court will deny Khem's motion because he failed to exhaust his administrative remedies or demonstrate that extraordinary and compelling reasons warrant a reduction in his sentence.

## BACKGROUND

In August of 2021, Khem pled guilty to being a felon in possession of a firearm as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) ("the ACCA").

(Plea Agreement at 1, Aug. 18, 2021, Docket No. 23.)  Khem qualified for the enhanced sentence as an armed career criminal under the ACCA because he was previously convicted of at least three violent separate felony crimes.  (*Id.* at 3; Indictment at 1, June 16, 2021, Docket No. 13.)  At sentencing, the Court decided a downward variance was appropriate after considering the statutory factors such as the seriousness of the crime and mitigating factors, including Khem's earnest acceptance of responsibility.  (Statement of Reasons at 4, Dec. 21, 2021, Docket No. 55.)  The Court sentenced Khem to 180 months' imprisonment, which it determined was sufficient but not greater than necessary.  (*Id.*)

Khem is currently incarcerated at USP Victorville.  *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Dec. 20, 2022).   His current projected release date February 16, 2034.  *Id.*

Khem filed this pro se motion to reduce sentence under the First Step Act on June 10, 2022, seeking release on the basis of his rehabilitation.  (Mot. Reduce Sentence ("Mot.") at 5, June 10, 2022, Docket No. 58.)  The United States opposes Khem's motion. (Gov't Resp. Opp. Def.'s Mot. Reduce Sentence at 1, Oct. 4, 2022, Docket No. 60.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)).  The law allows defendants, in addition to the Federal Bureau of Prisons ("BOP"), to move for compassionate release.  18 U.S.C. §

3582(c)(1)(A).  However, a defendant may only bring such a motion "after a defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier."  *Id.*  The Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

The Sentencing Commission set forth several circumstances that may constitute extraordinary and compelling reasons.  U.S.S.G. § 1B1.13 cmt. n.1.  For instance, a defendant's medical conditions, age, and family circumstances may constitute extraordinary and compelling reasons for a defendant's early release, depending on the particular facts of a defendant's case.  *Id.*  Other reasons may also exist as determined by the Director of the Bureau of Prisons.  *Id.*  However, pursuant to 28 U.S.C. § 994(t), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason."  *Id.* § 1B1.13 cmt. n.3.

Preliminarily, Khem has failed to establish that he has exhausted his administrative remedies.  There is no evidence in the record to establish that Khem made a request to his warden, and Khem has not otherwise indicated that such request was made.  Thus, Khem's current motion is premature, and that basis alone is sufficient for the Court to deny the petition for release.

However, even if Khem had exhausted his administrative remedies, Khem's motion would still fail because he does not allege any extraordinary and compelling reasons that would warrant a reduction of his sentence.  Khem argues that his sentence should be reduced, and he be released on the basis of his rehabilitation, having been to groups and programs and having only incurred one minor incident while incarcerated.  (Mot. at 3.)  In his motion, Khem notes his difficult childhood and environmental circumstances that led him astray, but that he has since turned a new leaf while in prison.  (*Id.* at 1–2, 4.)

Rehabilitation alone, without more, fails to establish an extraordinary and compelling reason warranting relief.  *See* 28 U.S.C. § 994(t); U.S.S.G. 1B1.13 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.); *see also United States v. Brown*, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019) (stating that "while Congress largely left 'extraordinary and compelling reasons' undefined, it made clear rehabilitation, on its own, does not suffice."), *order amended on reconsideration*, 457 F. Supp. 3d 691 (S.D. Iowa 2020).  While Khem's life circumstances were certainly challenging, the Court properly considered these factors at sentencing.  (*See* Statement of Reasons at 4.)  Additionally, his work to transform himself while incarcerated is commendable.  However, these reasons alone are insufficient to justify his early release.

The Court also finds that reducing Khem's sentence would not comport with the factors set forth in 18 U.S.C. § 3553(a) and the applicable Sentencing Commission policy

statement.  18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13.   Khem's convicted offense carries a 15-year mandatory minimum sentence, and he has only served roughly 2 years, leaving 87 percent of his sentence left to serve.  As a result, reducing his term of imprisonment would create sentence disparities and minimize the seriousness of his crime by reducing his sentence below the statutorily mandated minimum.  Further, Khem's prior criminal history suggests that releasing him at this time may not adequately deter future criminal conduct or protect the public.

Although Khem's completion of educational programs while in custody is commendable, and the Court encourages Khem to continue his education while incarcerated, this fact alone does not show substantial support for his motion.  The Court is not persuaded that a 13-year reduction of Khem's sentence is justified under the circumstances.

In sum, because Khem has failed to exhaust his administrative remedies or allege any extraordinary or compelling reasons justifying his early release, and such a release would be contrary to the appliable sentencing factors, the Court will deny Khem's motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Defendant's Motion to Reduce Sentence [Docket No. 58] is **DENIED**.

DATED:  January 12, 2023
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge